961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edwin Wayne JOYCE, Plaintiff-Appellant,
v.
Michael BUMGARNER; B. Miller, Defendants-Appellees.
 No. 91-7718.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 26, 1992
Decided: May 5, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Eugene A. Gordon, Senior District Judge. (CA-90-578-3)
 Edwin Wayne Joyce, Appellant Pro Se.
 Sylvia Hargett Thibaut, Assistant Attorney General, Raleigh, North Carolina, for Appellees.
 M.D.N.C.
 DISMISSED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edwin Wayne Joyce, a North Carolina inmate, appeals from the district court's order dismissing this action brought under 42 U.S.C. § 1983 (1988) against the Superintendent of the Southern Correctional Institute and a female mail room supervisor at the prison. We deny leave to proceed in forma pauperis and dismiss the appeal as frivolous under 28 U.S.C. § 1915(d) (1988).
 
 
 2
 Plaintiff alleges that while incarcerated, he sent a letter to the Greensboro News & Record via certified mail. He delivered the letter to the mail room on July 16, 1990. When Plaintiff received no response to his letter, he had his unit manager trace it. The letter was found in the mail room safe and eventually mailed. Plaintiff then filed this action pursuant to 42 U.S.C. § 1983.
 
 
 3
 The case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B)(1988). The magistrate judge recommended that Defendants' motion for summary judgment be granted and that the action be dismissed. Plaintiff was given notice of the magistrate judge's findings and recommendation and was notified that failure to file written objections would deprive him of the benefit of de novo review by the district court.
 
 
 4
 The district court adopted the report and recommendation of the magistrate judge and dismissed the action without affording de novo review, based on Joyce's failure to object to the report within the prescribed time limits. Joyce contends on appeal that he did, in fact, timely deliver objections to prison officials for mailing, thereby preserving his right to de novo review in the district court and appellate review in this Court. To date, however, no objections have been received and Plaintiff contends that his copy "is gone." He also states that prison officials may have taken it.
 
 
 5
 Under Houston v. Lack, 487 U.S. 266 (1988), the timely delivery of the objections constitutes filing for purposes of preserving review. The record does not disclose whether objections were timely delivered, and Defendants have not responded to Joyce's assertion that they were. However, we find it unnecessary to resolve the issue of whether objections were filed because Plaintiff's claims have no arguable basis in law or in fact, and are therefore frivolous within the meaning of 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721 (4th Cir. 1989).
 
 
 6
 First, Plaintiff's allegations of a conspiracy are unsupported by any factual basis in the record. Second, as to Superintendent Bumgarner, Plaintiff has not shown that Bumgarner acted with deliberate indifference to the mail situation. The doctrine of respondeat superior does not apply to § 1983 actions, Rizzo v. Goode, 423 U.S. 362 (1976), and supervisory liability has not otherwise been shown. Moore v. Winebrenner, 927 F.2d 1312 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S. 1991). Finally, with respect to the mail room clerk, Plaintiff has not alleged facts supporting a claim for deprivation of any constitutional rights. This is especially so in light of the fact that this appears to be an isolated instance of negligence, and the problem was immediately remedied once it was discovered.
 
 
 7
 We deny leave to proceed in forma pauperis and dismiss the appeal. We deny Appellant's Motion for Appointment of Counsel and Motion for Discovery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.